IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                Plaintiff,

  v.

SCOTT WALKER, MIKE HUEBSCH,
DOUGLAS LAFOLLETTE, CARLO ESQUEDA,
LORETTA LYNCH, JOHN VANDRIEUL,
GLENN FINE, ELLEN RAY, BARBARA CRABB,      OPINION & ORDER
EDWARD WALL, GARY BOUGHTON,
LEBEUS BROWN, DAVID GARDNER,                  15-cv-417-jdp
WILLIAM BROWN, TAMMY DICKMAN,
KATHRYN ANDERSON, STACEY HOEM,
DIANE ALDERSON, STEPHANIE BROWN,
JONI S. SHARPE, MARY TAYLOR,
TRACEY GERBER, and TIMOTHY HAINES,

                Defendants.

---

Plaintiff Titus Henderson, an inmate at the Waupun Correctional Institution, brings this lawsuit alleging that various state and federal officials have blocked him from fully litigating lawsuits, and have retaliated and discriminated against him in several ways. Henderson has made an initial partial payment of the filing fee, as previously directed by the court.

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Henderson is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that Henderson's lengthy, vague allegations violate Federal Rules of Civil Procedure 8 and 20, because he does not explain how each of his claims belong in the same lawsuit and how each defendant was involved in violating his rights. I will dismiss Henderson's complaint, but I will give him a chance to file an amended complaint that fixes these problems.

Henderson's complaint suffers from the same problem as other cases he has filed in this court, *see Henderson v. Raemisch*, No. 09-cv-170-bbc (W.D. Wis.), and *Henderson v. Raemisch*, No. 08-cv-390-bbc (W.D. Wis.). The complaint contains about 180 numbered allegations against 23 named defendants, and it appears to combine numerous unrelated claims. Most of these allegations are very vague, and do not explain what each defendant did to violate his rights. Rather, he names several defendants in each individual allegation, even though it is highly unlikely that several different state or federal officials took each action that harmed him.

Henderson's allegations can be summarized as follows:

- Henderson's right to access the courts has been violated by (1) state and federal laws regulating how inmates pay filing fees, exhaust administrative remedies, make open records requests, conduct discovery, access electronic filing methods, and receive legal loans; and by (2) various state and federal officials' actions blocking him from litigating cases.

- State officials discriminate and retaliate against Henderson and other black inmates for challenging their convictions or prison sentences. Henderson says that defendants have done this by disciplining him, denying him parole, placing him in "supermax" conditions, contaminating his food, exposing him to an inmate with a communicable disease, refusing to hire black staff, and impeding his litigation.

At least as presently written, I conclude that Henderson's allegations violate Federal Rules of Civil Procedure 8 and 20. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d),

2

"each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Under Rule 20, defendants cannot be joined together in a lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences.

Henderson's vague allegations do not meet these standards. At best, his allegations might properly belong in two separate lawsuits—one about his access to courts and one about retaliation. Even if he picks one of the two sets of claims listed above, he will not be able to proceed on claims against each of the named state and federal officials named as defendants without amending his complaint to explain how each separate event is related and how each defendant was involved.

The bulk of Henderson's claims center around several lawsuits he says he has lost because of onerous state or federal statues aimed at restricting prisoner litigation and because of officials' actions to restrict his litigation. Unless Henderson can explain a connection between each lost lawsuit, it is likely that these allegations will need to be broken up as well into smaller lawsuits. The various incidents described in Henderson's complaint are alleged to have taken place over a period of 12 years, which also makes it unlikely that they are all connected.

Similar to case no. 09-cv-170-bbc, Henderson attempts to bring all of his allegations together by saying that all of the defendants are racially discriminating against him and other black prisoners. This court addressed Henderson's similar conspiracy allegations in the '170 case:

> At this point, the facts alleged in plaintiff's complaint do not allow the inference to be drawn that more than 60 separate employees of the Wisconsin Department of Corrections, including the Secretary, administrative staff, the warden of the Wisconsin Secure Program Facility, medical staff and dozens of guards and supervisors, as well as prison employee union officials, plotted together to violate plaintiff's constitutional rights. "A suit stuffed with allegations that the plaintiff has been subjected to a variety of constitutional violations without some hint of a basis for plaintiff's belief that a genuine conspiracy exists will not suffice to satisfy the requirements of Rule 20." *Wine v. Thurmer*, 2008 WL 1777264, *6 (W.D. Wis. Apr. 16, 2008).

Dkt. 28 in the '170 case, at 5.

The same holds true for this case. Henderson simply does not explain how each of the many events mentioned in his complaint are tied together such that they belong in the same lawsuit.

Henderson names District Judge Barbara Crabb as a defendant, and suggests that her invocation of Rule 20 in his previous cases violated his right to bring lawsuits. Not only is Judge Crabb immune from any constitutional claim Henderson tries to bring against her, these allegations do not state a claim for relief. Judges are required to apply the Federal Rules of Civil Procedure to parties litigating lawsuits before them. Because I must apply those rules to Henderson's current complaint, I will dismiss the complaint for violating Rules 8 and 20.

I will give Henderson a short time to submit an amended complaint that complies with these rules. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. It is important that Henderson explain the *facts* supporting his claims, rather than discussing only the legal theories behind them. In particular, he should avoid listing the names of several defendants and vaguely alleging that they violated his rights. Instead, he should explain what each defendant specifically did to

4

violate his rights. In many allegations, Henderson lists defendants and ends the list with the phrase "et al.," by which I take him to be referring to other, unidentified defendants. This is not appropriate for a complaint; Henderson needs to explain exactly which defendants took each action to harm him.

This is now the third time that Henderson has attempted to litigate in a single lawsuit multiple claims against dozens of governmental officials for seemingly unrelated events. By now, he should be aware that he cannot litigate every single perceived misdeed by dozens of officials in one lawsuit. It would be more productive for him to pick a smaller set of related misdeeds and explain (1) how they are connected and (2) what each defendant did to violate his right with regard to that smaller set of transactions. But it is up to him to decide how he wants to amend his complaint. Should Henderson fail to respond to this order with an amended complaint, or fail to amend his complaint in a way that will support a single lawsuit, I will consider sanctioning him by assessing him a "strike" under 29 U.S.C. § 1915(g) or barring him from filing similar lawsuits in the future.

Henderson has also filed a series of motions. He has filed a motion for temporary restraining order, motion for sanctions, and motion for appointment of counsel, stating that prison officials confiscated his personal property, placed him in administrative confinement, and denied him proper medical care, at least in part as retaliation for filing this lawsuit. Henderson's new allegations of harm either belong in a new lawsuit or in his amended complaint in this lawsuit. Henderson should not need his personal property or the assistance of counsel to submit an amended complaint, because all he needs to do is tell the story of how defendants have harmed him. If prison officials are obstructing Henderson's ability to fill

out his amended complaint, he should inform the court of that, but for now I will deny his motions.

Henderson has filed a motion to transfer the case to the Eastern District of Wisconsin because he is currently incarcerated in that district, because "part of defendants' actions" occurred there, and because the court had not yet screened his complaint. I conclude that it is inappropriate to transfer the case for these reasons. This order contains a preliminary screening of Henderson's claims and gives him guidance on how to amend his complaint to comply with the Federal Rules of Civil Procedure. Most of the institution-level officials Henderson names as defendants are employees at the Wisconsin Secure Program Facility, located in the Western District, where he was incarcerated for virtually the entire 12-year period he discusses in his complaint. This makes it more likely that the Western District is the appropriate venue. But without plaintiff significantly narrowing and clarifying his claims to comply with Rules 8 and 20, it is impossible to tell whether his complaint truly involves events and defendants located in the Western or Eastern districts.

Henderson also suggests that the fact he named Judge Crabb as a defendant should result in the case's transfer "based on subjective bias." But even if there were some reason for me to consider recusal, the case would be reassigned to Judge William Conley of the Western District rather than transferring the case to the Eastern District. There is no reason to think that Henderson cannot get a fair shake in this district. I will deny his motion to transfer, but he is free to renew it after he properly amends his allegations, if he continues to believe that the case more properly belongs elsewhere.[1]

---

[1] Henderson is also free to voluntarily dismiss this case and refile it in the Eastern District. But I caution him that it is possible that the Eastern District would transfer the case here, because his allegations largely involve events occurring at WSPF.

ORDER

IT IS ORDERED that:

1. Plaintiff Titus Henderson's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Procedure 8 and 20.

2. Plaintiff may have until January 4, 2017, to submit a proposed amended complaint more clearly detailing his claims as discussed above.

3. Plaintiff's motion for temporary restraining order, Dkt. 18, motion for sanctions and for appointment of counsel, Dkt. 21, and motion to transfer the case, Dkt. 23, are DENIED.

Entered December 14, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge