IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                Plaintiff,

    v.

SCOTT WALKER, MIKE HUEBSCH,
DOUGLAS LAFOLLETTE, CARLO ESQUEDA,
LORETTA LYNCH, JOHN VANDRIEUL,
GLENN FINE, ELLEN RAY, BARBARA CRABB,
EDWARD WALL, GARY BOUGHTON,
LEBEUS BROWN, DAVID GARDNER,
WILLIAM BROWN, TAMMY DICKMAN,
KATHRYN ANDERSON, STACEY HOEM,
DIANE ALDERSON, STEPHANIE BROWN,
JONI S. SHARPE, MARY TAYLOR,
TRACEY GERBER, and TIMOTHY HAINES,

                Defendants.

OPINION & ORDER

15-cv-417-jdp

---

Plaintiff Titus Henderson, an inmate at the Waupun Correctional Institution, brings this lawsuit alleging that various state and federal officials have blocked him from fully litigating lawsuits and have retaliated and discriminated against him in several ways. But Henderson's complaint contained about 180 numbered allegations against 23 named defendants, and appeared to combine numerous unrelated claims. In a December 14, 2016 order, I dismissed Henderson's complaint under Federal Rules of Civil Procedure 8 and 20 because he did not explain how each of his claims belong in the same lawsuit and how each defendant was involved in violating his rights. Dkt. 24. I gave Henderson a chance to file an amended complaint that fixes these problems, even if only by taking the first step of deciding which of two broader

categories of claims—his access to the court claims or his retaliation claims—he wished to pursue in this lawsuit.

I also stated that this was the third case in the last several years in which Henderson attempted to litigate single lawsuits against dozens of governmental officials for seemingly unrelated events:

> By now, [Henderson] should be aware that he cannot litigate every single perceived misdeed by dozens of officials in one lawsuit. It would be more productive for him to pick a smaller set of related misdeeds and explain (1) how they are connected and (2) what each defendant did to violate his right with regard to that smaller set of transactions. But it is up to him to decide how he wants to amend his complaint. Should Henderson fail to respond to this order with an amended complaint, or fail to amend his complaint in a way that will support a single lawsuit, I will consider sanctioning him by assessing him a "strike" under 29 U.S.C. § 1915(g) or barring him from filing similar lawsuits in the future.

*Id*. at 5.

Henderson has responded to the December 14 order by filing an amended complaint. But he has only minimally changed his allegations: pages 4 to 24 of the amended complaint, containing the bulk of his allegations, appear to be photocopied from the original complaint. He has not amended his allegations in the slightest to make choices about which claims or set of claims he wishes to pursue in this lawsuit. Instead, he continues to argue that Rules and 8 and 20 should not bar his complaint. But he is incorrect. The largely recycled allegations in the new complaint violate the Federal Rules of Civil Procedure just as his original allegations did, and therefore he may not proceed with any claims.

Because the amended complaint violates these rules and there is no reason to think that Henderson would properly amend his complaint if given another chance, I will dismiss this case. Moreover, to avoid the waste of judicial resources spent in issuing orders screening

Henderson's clearly deficient complaints, I will issue the following sanction: any future case filed by Henderson in which he attempts to sue multiple officials about apparently unrelated events will be summarily dismissed, without Henderson being given an opportunity to amend his complaint. Should Henderson file a complaint properly limited to claims arising from related events, naming as defendants only those who are actually involved in those events, the court will screen it as it does any prisoner complaint.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Titus Henderson's failure to comply with Federal Rules of Procedure 8 and 20.

2. The clerk of court is directed to enter judgment for defendants and close this case.

3. Plaintiff is sanctioned as discussed in the opinion above.

Entered May 24, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge